**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BRANDON LAMBILLOTTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-01378-JD |
| | ) | |
| KELLY DAVIS, Warden, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is the Report and Recommendation ("R. & R.") of United States Magistrate Judge Amanda L. Maxfield [Doc. No. 8] and Plaintiff Brandon Lambillotte's ("Plaintiff") Motion to Appoint Counsel [Doc. No. 9]. For the reasons outlined below, the Court accepts the R. & R. and denies Plaintiff's Motion to Appoint Counsel as moot.

Plaintiff, a state prisoner appearing pro se, filed a civil rights complaint. [Doc. No. 1]. The Court referred the case to Judge Maxfield for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 6].

Plaintiff filed an application to proceed in forma pauperis. [Doc. No. 2]. Judge Maxfield found deficiencies in Plaintiff's application and ordered him to cure them by July 6, 2026. [Doc. No. 7]. Judge Maxfield warned Plaintiff that the failure to comply with the court's order could result in the dismissal of this case. [*Id.* at 2]. Because Plaintiff failed "to cure deficiencies in his *in forma pauperis* motion, the [R. & R.] recommends that the Court **DISMISS** the action without prejudice to re-filing." [Doc. No. 8 at 1].

Judge Maxfield advised Plaintiff of his right to object to the R. & R. by filing an objection with the Clerk of Court by August 3, 2026, and explained that failure to timely object to the R. & R. waives appellate review of the recommended ruling. [*Id.* at 3]. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72. Plaintiff did not file an objection to the R. & R. or request an extension of time to do so.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives the right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

With no objection being filed, and upon review of the record, the Court accepts the R. & R. in its entirety and dismisses Plaintiff's claims without prejudice. Alternatively, although the Court is not required to review the record and law de novo because Plaintiff has not timely objected, the Court has done so and determines that dismissal is appropriate because of Plaintiff's failure to cure the deficiencies in his in forma pauperis

motion, which he was warned could result in the dismissal of his case.[1]

The Court therefore ACCEPTS the Report and Recommendation [Doc. No. 8] and DISMISSES Plaintiff's Complaint without prejudice. A separate judgment will follow. In light of the Court's dismissal of this action, the Court denies Plaintiff's Motion to Appoint Counsel as moot. [Doc. No. 9].

IT IS SO ORDERED this 13th day of August 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] The R. & R. references that Plaintiff also failed to pay the filing fee. [*See* Doc. No. 8 at 2–3]. While true, that was not part of the order to cure deficiencies and warning over dismissal directed at Plaintiff. [*See* Doc. No. 7]. However, Plaintiff's failure to comply with the order to cure deficiencies forms a sufficient basis for the Court to determine on its alternative de novo review that dismissal is appropriate here.